# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**GEORGE BROWN, III**

|  |  |
|---|---|
| v. | ) Civil Action Number: |
|  | ) |
| **Gestamp of Alabama, LLC,** | ) |
|  | ) |
| Defendant. | ) |

_____

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress violations of the unlawful secured by the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2615.

### II. JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. ADMINISTRATIVE PREREQUISITES

4. Brown's claims under the FMLA do not require the exhaustion of administrative prerequisites prior to filing this case. Brown files this case within the statute of limitations period proscribed by the FMLA.

## IV. **PARTIES**

5. Plaintiff, George Brown, III ("Brown"), is a male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident citizen of the State of Alabama. Brown worked for Defendant at its McCalla, Alabama location as a material handler otherwise known as a fork lift driver.  Brown was paid hourly.

6. Defendant, Gestamp of Alabama, LLC (hereinafter referred to as "Defendant" or "Gestamp"), employs more than fifty (50) people and is thus an "employer" for FMLA purposes.

## V. **STATEMENT OF FACTS**

7. Between 2010-2012, Brown worked for a temporary service at Gestamp.

8. In 2012, Brown was made a permanent employee.

9.  In September 2014, Brown submitted an FMLA Certification of Health Care Provider for Employees Serious Health Care Condition.  The certification form was accepted by the company.

10.   In September 2015, Brown submitted an FMLA Certification of Health Care Provider for Employees Serious Health Care Condition. The certification form was accepted by the company.

11.    On or about September 22, 2016, Brown submitted a Certification of Health Care for Employees Serious Health Care Condition.

12. Brown's certification forms reflect that intermittent leave would be necessary due to Gout and Arthritis among other conditions.

13. Rather than accept the Brown's 2016 certification, Gestamp personnel asked Brown to have his treating physician remove "the restrictions".

14. Brown asked what restrictions had to be removed, Brown was informed all physical disability restrictions must be removed. For years, Brown worked with these identical restrictions and it has not been undue hardship for the company.

15. Brown suffers from Gout, Arthritis and Hypertension. Brown takes intermittent FMLA leave as necessary.

16. Brown did not abuse FMLA leave and/or exhaust leave in any year.

17. The company suspended (or as the company claims forced FMLA leave upon Brown) when he did not submit the FMLA certification to fit Gestamp's demand that Brown have no physical disability restrictions.

18. Brown was informed he had until October 27, 2016 to submit a revised form or be terminated.

19. Rather than allow Brown to work as he has for years, company personnel also pressured Brown to submit a phony insurance disability claim that he was too disabled to work. These actions were taken at the same time, he was being asked to remove all medical restrictions from his FMLA form.

20. Brown was working when he submitted the FMLA certification forms. There were no issues with his work performance.

21. When Brown did not agree to Gestamp's scheme to have the doctor alter his medical opinion or submit the fraudulent disability insurance request, Brown was suspended, and threatened with termination or as the company claims placed on involuntary FMLA leave.

22. The leave is unpaid and as an hourly worker, Brown had no income with financial obligations to meet, including rent and power bill.

23. Brown is capable of working for Gestamp as reflected by his performance over the last five years.

24. Brown's 2016 FMLA certification did not differ from prior submissions and no basis existed to reject the certification or demand from Brown that he require his physician to alter his medical diagnosis.

25. Suspending Brown or calling it mandatory FMLA leave is a distinction without difference; Brown had not requested FMLA leave or to be suspended.

26. Brown needed access to his money in a corporate savings account (401k) and was informed that the only way to obtain the funds was to resign his employment.

27. On or about November 15, 2016, without income, Brown submitted a letter of resignation to obtain the 401(k) money.

## VI.     CAUSES OF ACTION

### COUNT I - VIOLATION OF FMLA (INTERFERENCE )

28. The plaintiff re-alleges and incorporates by reference paragraphs with the same force and effect as if fully set out in specific detail hereinbelow.

29. Brown is an eligible employee under the Family Medical Leave Act.29 U.S.C. § 2611(2)(A). Brown had been employed with Defendant for at least 12 months.

30. Gestamp an employer in accordance with 29 U.S.C. § 2611.

31. Gestamp's requirement that Brown demand his treating physician re-write the certification form to reflect no physical disability restrictions constitutes interference with his Family Medical Leave time.

32. Gestamp decision to suspend Brown because he presented a Family Medical Leave certification that was rejected by the company interfered with his rights under the Family Medical Leave Act.

### COUNT II – FMLA (RETALIATION)

33. The plaintiff re-alleges and incorporates by reference paragraphs 1-27, with the same force and effect as if fully set out in specific detail hereinbelow.

34. Brown utilized FMLA leave in the past with the same set of restrictions which was not an undue hardship for Gestamp.

35. Suspending Brown for his refusal to have the form change is retaliatory in addition to interfering with his FMLA leave.

## COUNT III- CONSTRUCTIVE DISCHARGE

36. After suspending Brown with no income, the company required Brown to resign to access his 401(k) savings.

37. Brown did not have to be suspended without pay and by taking such drastic action over an FMLA request form left Brown forced to seek public assistance.

38. The company could have allowed Brown to keep working or borrow from his 401(k) without requiring him to sacrifice his employment.

39. The company's conduct result in Brown in being constructively discharged.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Grant the Plaintiff a declaratory judgment holding that the actions of Defendant Gestamp described herein above violated and continue to violate the rights of the Plaintiff as secured by the Family Medical Leave Act.

2. Grant the Plaintiff an order requiring the Defendant to make the Plaintiff whole by awarding Plaintiff back pay (plus interest, including prejudgment), punitive, liquidated, and/or nominal damages.

3. The Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A JURY FOR ALL ISSUES TRIABLE BY JURY**

                                              Respectfully Submitted,

                                              /s/Lee Winston
                                              Lee Winston
                                              Roderick T. Cooks
                                              Attorneys for the Plaintiff

**OF COUNSEL:**

**WINSTON COOKS, LLC**
505 North 20th Street Suite 815
Birmingham, AL 35205
Tel:  (205)502-0940
Fax: (205)251-0231