**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE BROWN, III,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CIVIL ACTION NOS.** |
| | ] | **2:16-CV-1862-KOB** |
| **GESTAMP OF ALABAMA LLC,** | ] | **2:17-CV-1411-KOB** |
| | ] | |
| **Defendant.** | ] | |

## <u>MEMORANDUM OPINION</u>

These consolidated employment discrimination cases come before the court on Defendant

Gestamp of Alabama's motions for summary judgment. (Doc. 25).[1]  In his two complaints,

which are based on identical sets of facts, Plaintiff George Brown charges Gestamp with

violations of the Americans With Disabilities Act ("ADA") and the Family Medical Leave Act

("FMLA").  In short, Mr. Brown asserts that Gestamp wrongfully placed him on unpaid

*continuous* FMLA leave when he requested only *intermittent* FMLA leave.

In his first complaint, Mr. Brown charges Gestamp with violating the FMLA by

improperly placing him on continuous FMLA leave instead of intermittent FMLA leave,

retaliating against him for requesting intermittent FMLA leave, and subjecting him to a hostile

work environment that caused him to quit his position involuntarily.  In his second complaint,

Mr. Brown charges Gestamp with failing to accommodate his disability and intentionally

inflicting emotional distress.  This court dismissed Mr. Brown's intentional infliction of

emotional distress claim, but consolidated the two cases because of their identical parties and

---

[1] Unless otherwise noted, the court's record citations will refer to Case No. 16-1862.  In Case No. 17-1411, Gestamp filed the same motion for summary judgment, which is Doc. 20 in that case.

facts and because proceeding on both complaints separately would constitute improper claim splitting. And because the two cases involve the same facts and parties, the court will treat Mr. Brown's two sets of claims as if he brought them in a single complaint. Gestamp likewise submitted a single motion for summary judgment in both cases that requests summary judgment in its favor as to all of Mr. Brown's claims.

As discussed in more detail below, the court will DENY Gestamp's motion as to Mr. Brown's ADA reasonable accommodation claim and his FMLA interference claim because a genuine issue of material fact exists about whether Mr. Brown was "qualified" to continue in his position as a Materials Handler with Gestamp. The court will likewise DENY Gestamp's motion for summary judgment as to Mr. Brown's retaliation claim. The court will GRANT Gestamp's motion as to Mr. Brown's hostile work environment/constructive discharge claim. Accordingly, the court will GRANT IN PART and DENY IN PART Gestamp's motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). And, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

## **FACTS**

Gestamp operates an automotive component production facility in McCalla, Alabama. Gestamp hired George Brown as a full-time "Materials Handler" in 2012. Mr. Brown's duties included physically moving objects exceeding 10 pounds around Gestamp's production facility and operating a forklift.

In his first few years at Gestamp, Mr. Brown, who suffers from gout, arthritis, and hypertension, occasionally missed work during "flare ups" of those conditions. Eventually, a

coworker recommended that Mr. Brown apply for FMLA leave so that he would not receive disciplinary action for missing work.

Consistent with the FMLA, Gestamp provides eligible employees such as Mr. Brown up to 12 weeks of medical leave on a rolling calendar year.  To receive FMLA leave, an employee must submit a certification form completed by a physician or healthcare provider.  The certification form, created by the U.S. Department of Labor for use by employers like Gestamp, consists mainly of generic questions to which a physician can check "Yes" or "No."  The physician may provide additional explanation in fields after each "Yes" or "No" question. Gestamp requires its employees to submit a new certification form for FMLA leave each year they seek FMLA leave.

Through his physician, Mr. Brown submitted an FMLA certification form to Gestamp in 2014, 2015, and 2016.  Mr. Brown's physician offered virtually identical responses on the forms for each year, checking the same boxes and describing the same limitations.

For example, in "Part A," the "Medical Facts" section of the form, the healthcare provider must respond "Yes" or "No" to the question whether "the employee is unable to perform any of his/her job functions due to the condition."  In 2014, 2015, and 2016, Mr. Brown's physician checked "Yes," and explained that Mr. Brown was unable to lift above 10 pounds, push, pull, manipulate, or bend.  The physician described Mr. Brown's conditions as "gout," "arthritis," "hypertension," "chronic joint pain," "chronic headaches," and "dizziness."

"Part B," the "Amount of Leave Needed" section of the form, asks whether the employee will be "incapacitated for a single continuous period of time due to his/her medical condition, including any treatment and recovery."  Mr. Brown's physician checked "Yes."  But Mr. Brown's physician provided additional information, estimating that Mr. Brown would need to

make a doctor's appointment every 3 to 4 months, with "recovery after flare up in 1-2 weeks." (Doc. 27-3 at 75). In the same section, the form asks whether the condition would "cause episodic flare-ups periodically preventing the employee from performing his/her job functions." (*Id.*). Mr. Brown's physician checked "Yes." The form asked the frequency of flare ups and duration of related incapacity. Mr. Brown's physician indicated that the frequency would be once each month and five days of incapacity per episode.

Gestamp approved Mr. Brown for intermittent FMLA leave in 2014 and 2015, and Mr. Brown used intermittent FMLA leave sporadically. In 2016, however, Gestamp denied Mr. Brown's FMLA recertification for *intermittent* leave and instead placed Mr. Brown on *continuous* FMLA leave, stating that Mr. Brown could not work with the restrictions listed on his physician-provided FMLA certification form. Gestamp told Mr. Brown that he could return to work if his physician lifted the restrictions listed on his FMLA form. Mr. Brown's physician refused, however, to remove the restrictions, and he did not clarify whether the restrictions applied only during flare ups.

Gestamp's human resources representative who made the decision to deny Mr. Brown's request for intermittent leave did not believe that Mr. Brown's physician-imposed restrictions applied only during flare ups. Although Gestamp's decision maker did not know that Gestamp had authorized intermittent leave in 2014 and 2015 for Mr. Brown, she testified in her deposition that knowledge of that information would not have changed her decision to deny Mr. Brown's 2016 intermittent leave certification. Rather, she interpreted Mr. Brown's 2016 FMLA certification form to state that Mr. Brown could not perform his job at all because the physician had checked the box indicating that he was unable to lift more than 10 pounds. Furthermore, she interpreted the form to say that Mr. Brown was requesting both intermittent FMLA leave and

continuous FMLA leave because the physician checked the box indicating that Mr. Brown would be incapacitated for "continuous" periods of time. (Doc. 27-7 at 11).

Although Mr. Brown had unused FMLA leave, he did not have unused vacation time.[2] Gestamp told Mr. Brown that he could apply for disability benefits, but Mr. Brown did not think the income from those benefits alone would be sufficient for his needs. Mr. Brown could not collect unemployment benefits because he remained employed with Gestamp, and he did not believe he could draw funds from his retirement account. Accordingly, after spending slightly more than one month on continuous leave and unable to remove his physician-imposed restrictions, Mr. Brown resigned from employment with Gestamp. These lawsuits followed.

## DISCUSSION

Mr. Brown brings four legal claims; he premises each one on Gestamp's decision to place him on continuous FMLA leave because of the restrictions listed on his 2016 FMLA certification form. First, Mr. Brown asserts that Gestamp discriminated against him based on a disability by failing to provide a reasonable accommodation—intermittent FMLA leave—when requested. Second, Mr. Brown asserts that Gestamp constructively discharged him by creating a hostile work environment by placing him on indefinite and involuntary FMLA leave. Third, Mr. Brown asserts that Gestamp interfered with his right to intermittent FMLA leave by denying his request for intermittent FMLA leave. Fourth, Mr. Brown asserts that Gestamp retaliated against him by suspending and constructively discharging him after he attempted to exercise his right to intermittent FMLA leave.

The court addresses each claim in turn.

---

[2] Gestamp does not offer its employees paid sick leave.

*A.  ADA Failure-to-Accommodate Claim*

When bringing a claim under the ADA, a plaintiff must establish a *prima facie* case of disability discrimination to defeat a motion for summary judgment.  The plaintiff, who must have been "disabled" but "qualified" at the relevant time, must show that his employer subjected him to unlawful discrimination because of his disability.  *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001); *see also* 42 U.S.C. § 12112(a).

First, to establish a disability, a plaintiff must have a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or be "regarded as" having such an impairment.  42 U.S.C. § 12102(1).  The ADA considers as disabilities conditions that cause periodic flare ups of physical limitations, such as an intermittent inability to lift objects.  *See id.* § 12102(2)(A), (4)(D).

Second, to be a qualified individual under the ADA, a plaintiff must be able to perform the essential job functions with or without reasonable accommodation.  42 U.S.C. § 12111(8); *Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1526-27 (11th Cir. 1997).  If a plaintiff cannot show his ability to perform his essential job functions even with a reasonable accommodation, then his employer is entitled to summary judgment.  *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000).

Third, an employer unlawfully discriminates against a disabled plaintiff by failing to provide him a reasonable accommodation.  42 U.S.C. § 12112(b)(5)(A).

Mr. Brown contends that his disability only prevented him from working during occasional "flare ups," such that he could have continued working as a Materials Handler with a reasonable accommodation—intermittent FMLA leave.  (Doc. 31 at 16).  Gestamp appears to concede that Mr. Brown establishes his disability, but maintains that the limitations specified by

Mr. Brown's physician on his 2016 FMLA leave certification disqualified him from working as a Materials Handler. Gestamp does not dispute that, if otherwise qualified for the Materials Handler position, Mr. Brown was entitled to a reasonable accommodation. But, Gestamp submits that it did not discriminate against Mr. Brown because its provision of *continuous* FMLA leave was nonetheless a reasonable accommodation.

The court finds that a genuine issue of material fact exists as to whether Mr. Brown was a qualified individual. The court also finds that Gestamp did not accommodate Mr. Brown's disability when it placed him on continuous FMLA leave. Accordingly, the court will deny Gestamp's motion for summary judgment as to Mr. Brown's ADA reasonable accommodation claim.

### 1. *Qualified Individual*

The court finds that a genuine issue of material fact exists as to whether Mr. Brown was a qualified employee in 2016 because Mr. Brown worked in the same position in 2014 and 2015 with the same afflictions but with intermittent FMLA leave and without issue or incident. Gestamp does not—and cannot on the evidence submitted to the court—argue that Mr. Brown's disability was worse in 2016 than it was in 2014 and 2015; the ailments and restrictions described by Mr. Brown's physician remained the same all three years. For that reason, the court finds that, at the very least, a genuine issue of material fact exists about whether Mr. Brown was qualified to continue working as a Materials Handler for Gestamp.

Despite Mr. Brown's ability to work in 2014 and 2015 and the absence of a change in his condition, Gestamp argues that allowing Mr. Brown to continue working in 2016 would have "exposed" Gestamp to "potential liability if it did not honor the medical restrictions of [Mr. Brown's] physician and a resulting injury or worse had occurred." (Doc. 26 at 19 n.12; Doc. 33

at 7). To be sure, as Gestamp repeatedly points out, the certification form suggests that Mr. Brown would be unable to work for "unknown," "continuous" lengths of time. From that lone statement, Gestamp concludes that the form can *only* mean that the physician-imposed restrictions applied all the time. But Gestamp's single-minded focus on that statement leaves its interpretation devoid of the appropriate context.

For example, in the form, Mr. Brown's physician states that Mr. Brown's "flare ups" only required his absence from work in certain, occasional intervals. And, Gestamp's decision maker herself acknowledged that she understood that the 2016 FMLA certification form requested intermittent leave and continuous leave.

But Gestamp interpreted the same information on the 2014 and 2015 forms to require only intermittent leave, and Mr. Brown successfully worked in the same position with the reasonable accommodation of intermittent leave in those years. Nothing changed in 2016 regarding Mr. Brown, his condition, or the description on the form. So, Gestamp's argument that allowing Mr. Brown to work with intermittent FMLA leave would have ignored his doctor's restrictions falls far short of convincing the court that Mr. Brown was not a "qualified employee."

### 2. *Failure to Provide Reasonable Accommodation*

As noted above, an employer unlawfully discriminates against a qualified employee by failing to provide him a reasonable accommodation. 42 U.S.C. § 12112(b)(5)(A). Gestamp argues that, even assuming Mr. Brown is a qualified employee, it did not unlawfully discriminate against him because it provided him with the accommodation he requested, namely, FMLA leave. But Mr. Brown did not request the continuous and indefinite leave Gestamp imposed, and, as already discussed, a jury could find that Mr. Brown's doctor did not require Mr. Brown

to be on continuous leave.  Accordingly, if a jury finds that Mr. Brown was "qualified" for Gestamp's Materials Handler position, Mr. Brown can establish that Gestamp unlawfully discriminated against him by failing to provide a reasonable accommodation.

For these reasons, the court will DENY Gestamp's motion for summary judgment as to Mr. Brown's failure-to-accommodate ADA claim.

### B.  Constructive Discharge / Hostile Work Environment

Next, Mr. Brown asserts that Gestamp violated Title VII by creating a work environment so hostile that he was constructively discharged.  (Doc. 31 at 25-26).  "Constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job."  *Bryant v. Jones*, 575 F.3d  1281, 1298 (11th Cir. 2009) (quoting *Munday v. Waste Mgmt. of North Amer., Inc.*, 126 F.3d 239, 244 (4th Cir. 1997)).

Mr. Brown's claim fails because he does not point to any evidence of a pattern of harassment based on his race, color, religion, sex, or national origin—a vital requirement for a claim brought under Title VII.  *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 n.14 (11th Cir. 1988).  But even assuming that Mr. Brown can and intended to bring a standalone constructive discharge claim under the FMLA or ADA, he does not offer evidence showing the extensive *pattern* of discrimination required to establish such a claim.  Rather, this case involves Gestamp's allegedly discriminatory decision to place Mr. Brown on involuntary FMLA leave, an isolated decision not related to the day-to-day workplace conditions at Gestamp's plant.  *See Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998) (discussing the workplace conditions necessary to create a "hostile environment" under Title VII).  Accordingly, the court will GRANT summary judgment in Gestamp's favor on Mr. Brown's hostile work environment constructive discharge claim.

### C.  Interference With FMLA Leave

Mr. Brown alleges that Gestamp interfered with his right to FMLA leave by denying his request for intermittent leave and by placing him on continuous FMLA leave.

The FMLA entitles an eligible employee to 12 workweeks of leave during a 12-month period because of a serious health condition that prevents the employee from performing the functions of his position.  29 U.S.C. § 2612(a)(1).  The FMLA prohibits an employer from interfering with, restraining, or denying an eligible employee the exercise of any right to leave under the Act.  *Id.* § 2615.  To succeed on a claim of interference, the employee must show by a preponderance of the evidence that his employer denied him an entitled benefit under the FMLA.  *Martin v. Brevard Cty. Pub. Schs.*, 543 F.3d 1261, 1266-67 (11th Cir. 2008).  An employee need not prove that an employer had a discriminatory motive or intent in interfering with his FMLA right.  *Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1236 (11th Cir. 2010).

The parties do not dispute that Mr. Brown was an eligible employee under the FMLA.  For that reason, the court need only determine whether Gestamp interfered with, restrained, or denied Mr. Brown's rights under the FMLA by placing him on continuous rather than intermittent leave.

By placing Mr. Brown on continuous FMLA leave, Gestamp necessarily *denied* Mr. Brown's concurrent request for intermittent leave.  The nature of continuous leave pretermits an employee's ability to take intermittent leave.  Gestamp's decision to place Mr. Brown on continuous leave meant that he could not use the intermittent leave he requested.

The FMLA entitles eligible employees to both "intermittent" leave and, when medically necessary, "continuous" leave.  29 U.S.C. § 2612(a)(1)(D), (b)(1).  Once Mr. Brown notified Gestamp that his medical condition required a flexible work schedule via intermittent leave, the

FMLA obliged Gestamp to grant Mr. Brown's request. *Id.*; *see also Verhoff v. Time Warner Cable, Inc.*, 478 F. Supp. 2d 933, 941 (N.D. Ohio 2006) (finding that employer that provided continuous FMLA leave to employee nevertheless interfered with FMLA right by failing to provide intermittent leave when employee met statutory conditions). Gestamp's failure to provide Mr. Brown that intermittent leave violated the FMLA.

The court does not find persuasive the authority Gestamp cites to support its argument that it could substitute continuous leave for intermittent leave and avoid running afoul of the FMLA. In both cases—*Langenbach v. Wal-Mart Stores, Inc.*, 989 F. Supp. 2d 1004, 1016 (E.D. Wis. 2013), and *Scruggs v. Pulaski County, Ark.*, 817 F.3d 1087, 1094 (8th Cir. 2016)—no disputes existed about the plaintiffs' needs and requests for continuous leave instead of intermittent leave. By contrast, here, a reasonable jury could conclude that the FMLA certification form required only intermittent leave and the parties do not dispute that Mr. Brown requested and received intermittent leave in the past based on identical information in the FMLA certification forms.

Of course, Gestamp did not interfere with Mr. Brown's FMLA rights if it correctly determined that his limitations required continuous leave. Because Gestamp had a right to place Mr. Brown on involuntary continuous leave if necessary, Gestamp also had a right to deny intermittent leave when only continuous leave would suffice. Nevertheless, as the court stated above in its discussion on Mr. Brown's ADA reasonable-accommodation claim, a genuine issue of material fact exists as to whether Mr. Brown's limitations prevented him from working as a Materials Handler. For the same reasons, a genuine issue of material fact exists as to whether the continuous leave was necessary as Gestamp claims, especially in light of its prior history of

providing intermittent FMLA leave to Mr. Brown.  Accordingly, the court will DENY

Gestamp's motion for summary judgment as to Mr. Brown's FMLA interference claim.

### D.  FMLA Retaliation

Mr. Brown alleges that Gestamp retaliated against him by placing him on continuous

FMLA leave after his request for intermittent leave.  An employer also violates the FMLA by

retaliating against an employee who seeks FMLA leave.  *Schaaf v. Smithkline Beecham Corp.*,

602 F.3d 1236, 1243 (11th Cir. 2010).  As an initial matter, Mr. Brown claims this case involves

direct evidence of retaliation, but he points to no such evidence.  *See Perry v. City of Avon Park,*

*Fla.*, 662 Fed. Appx. 831, 837 (11th Cir. 2016) ("Direct evidence is evidence that, 'if believed,

would prove the existence of a fact without inference or presumption.'") (quoting *Carter v. City*

*of Miami*, 870 F.2d 578, 581-82 (11th Cir. 1989).

Accordingly, the court will apply the burden-shifting framework in *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792 (1973), to evaluate Mr. Brown's FMLA retaliation claim based on

circumstantial evidence.  To establish a *prima facie* case of retaliation, a plaintiff must establish

that he (1) engaged in a statutorily protected activity (*i.e.*, exercising his FMLA right); (2)

suffered an adverse employment action; and (3) the adverse action was causally related to the

protected activity.  *Schaaf*, 602 F.3d at 1243.  Unlike an ADA reasonable-accommodation claim

or FMLA interference claim, a retaliation claim requires a plaintiff to establish that his employer

acted with a retaliatory animus.  *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th

Cir. 2008); *cf. Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007) ("[A]n

employer's failure to reasonably accommodate a disabled individual itself constitutes

discrimination under the ADA . . . There is no additional burden  . . . to show that [the employer]

had 'any legitimate non-discriminatory reasons . . . .").

Mr. Brown satisfies the *prima facie* requirements for retaliation. Mr. Brown shows that Gestamp took an adverse action against him as it coerced Mr. Brown into quitting by placing him on unpaid continuous FMLA leave. And Mr. Brown shows that this adverse action was causally related to his attempt to exercise his right to intermittent FMLA leave.

But Gestamp has met its burden of producing a legitimate, non-retaliatory and non-discriminatory reason for the adverse action. However, Mr. Brown offers sufficient evidence of pretext to convince the court that a genuine issue of material fact exists about whether Gestamp retaliated against him for requesting FMLA leave. In particular, the court finds that Gestamp's sudden about-face in 2016 regarding Mr. Brown's ability to work suggests its excuse of medical necessity was mere pretext for retaliation.

Gestamp reiterates that the decision maker considering Mr. Brown's FMLA leave application in 2016 did not look at Mr. Brown's prior work history. That point, however, reinforces rather than rebuts the court's conclusion. Gestamp had information about Mr. Brown's successful work history while on intermittent leave readily available, but Gestamp fails to provide any explanation about why its decision maker did not bother to look at that history.

Considering these facts together, a reasonable jury could find that Gestamp's placement of Mr. Brown on continuous leave had nothing to do with medical necessity but was instead comeuppance for the third request itself. *See Chapman v. AI Transport*, 229 F.3d 1012, 1025 (11th Cir. 2000) (*en banc*) (observing that a plaintiff must identify evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision.").

The court will therefore DENY Gestamp's motion for summary judgment as to Mr. Brown's retaliation claim.

## CONCLUSION

The court will GRANT IN PART and DENY IN PART Gestamp's motion for summary judgment. The court will GRANT Gestamp's motion for summary judgment and ENTER SUMMARY JUDGMENT in Gestamp's favor as to Mr. Brown's hostile work environment constructive discharge claim. The court will DENY Gestamp's motion for summary judgment as to Mr. Brown's failure to accommodate, FMLA interference, and retaliation claims.

**DONE** and **ORDERED** this 18th day of July, 2018.

_Karon O. Bowdre_
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE